UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                                                                   No. 15-cr-341-LTS-3

JAMES BOCCANFUSO,

       Defendant.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        The Court has received and reviewed Defendant James Boccanfuso's motion for a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 203 ("the Motion")), as well as the Government's opposition (docket entry no. 209 ("Gov. Opp.")), and Mr. Boccanfuso's reply (docket entry no. 212 ("Def. Reply")).  The Court has considered carefully the parties' submissions and arguments and, for the following reasons, the Motion is granted in part; Mr. Boccanfuso's custodial sentence is reduced and an additional term of supervised release is imposed.

<u>BACKGROUND</u>

        In November 2016, Mr. Boccanfuso pleaded guilty before this Court to Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951.  (Docket entry no. 116.)  Mr. Boccanfuso had acted as a getaway driver for a total of seven armed robberies of New York convenience stores during 2014 and 2015.  (Docket entry no. 121.)  Although Mr. Boccanfuso did not enter any of the stores while his co-conspirators committed the robberies, his co-conspirators carried firearms during each of the robberies, and several victims suffered injuries during the robberies.  (<u>Id.</u>)  In connection with these offenses, in March 2017 he was

sentenced by this Court to time served (approximately 781 days in custody) followed by 3 years of supervised release.  (Docket entry no. 116.)  His term of supervised release began on March 17, 2017.  (Gov. Opp. at 2.)

In October 2017, the Probation Office filed a violation report alleging that Mr. Boccanfuso had violated the terms of his supervised release by engaging in unauthorized travel—he subsequently admitted to the violation and, on January 12, 2018, the Court revoked and reimposed his original term of supervised release.  (Docket entry no. 124.)  Less than a week later, while still serving his term of supervised release, Mr. Boccanfuso participated in another series of bank robberies.  During a ten-day period in January 2018, Mr. Boccanfuso acted as a getaway driver for six different robberies of banks in New York and New Jersey.  See United States v. Boccanfusco, 18-CR-104-PKC-2 (E.D.N.Y. May 24, 2018).  In May 2018, Mr. Boccanfuso pled guilty in the Eastern District of New York ("EDNY") before Judge Pamela Chen to six counts of bank robbery in violation of 18 U.S.C. § 2113(a).  (Id. at docket entry no. 35.)  In November 2018, he was sentenced in the EDNY to a total of 70 months imprisonment followed by 3 years of supervised release.  (Id.)  Because the January 2018 robberies had constituted a violation of his supervised release terms, in December 2018 this Court sentenced Mr. Boccanfuso to an additional 18 months' imprisonment for the supervised release violations, to run consecutively to his 70-month EDNY sentence.  (Docket entry no. 128.)

On January 26, 2021, Mr. Boccanfuso filed a motion for compassionate release with Judge Chen in the EDNY seeking a reduction of his 70-month term of imprisonment (of which, at that point, 18 months remained to be served).  See United States v. Boccanfusco, No. 18-CR-104-PKC, 2021 WL 736420, at *2 (E.D.N.Y. Feb. 24, 2021).  Judge Chen denied the motion after concluding that Mr. Boccanfuso's proffered reasons, which included the conditions

of confinement at Ray Brook Federal Correctional Institution ("FCI Ray Brook"), his good conduct in prison, and his familial obligations to his 9-year-old daughter, did not rise to the level of extraordinary and compelling circumstances.  Id.

Mr. Boccanfuso is still imprisoned at FCI Ray Brook, and has now completed the 70-month custodial term imposed in connection with his EDNY conviction.  (Mtn. at 1; Gov. Opp. at 4.)  He is currently serving the 18-month custodial term imposed by the undersigned, of which 11 months remain.  (Def. Rely. at 2.)  The defense notes that, with good time credit, Mr. Boccanfuso is scheduled to be released from custody on April 29, 2024, and that he has been approved for placement at a Residential Reentry Center ("halfway house") in California for a 273-day term, beginning as soon as July 29, 2023.  (Id. at 4, Exhibit K.)  Mr. Boccanfuso now requests that the Court reduce all or part of the 11-month remainder of his sentence.

DISCUSSION

Mr. Boccanfuso moves for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A).  In ruling on such a motion, the Court therefore considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent that they are applicable" and (3), in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant

such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," and the "district court's discretion in this area—as in all sentencing matters—is broad."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The only statutory limit" on this discretion is that "rehabilitation alone shall not be considered an extraordinary and compelling reason."  Id. at 237-38 (quoting 28 U.S.C. § 994(t)).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court considered the full range of section 3553(a) factors as applied to Mr. Boccanfuso in formulating his supervised release violation penalty in December 2018.  (See Exhibit B, 12/6/2018 VSR Sentencing Transcript ("VSR Tr.").)  The Court considered the seriousness of Mr. Boccanfuso's January 2018 robbery offenses, which represented a pattern of behavior similar to his prior offense conduct.  (Id. at 17-18, 22-23.)  The Court also noted that Mr. Boccanfuso began committing these robberies less than one week after the revocation and reimposition of a term of supervised release, and the significant breach of trust that this represented.  (Id. at 15, 23.)  The Court recognized that Mr. Boccanfuso had struggled with gambling addiction, and that his stated motive for acting as a getaway driver was to pay off his gambling debts.  (Id. at 20-23.)  The Court discussed how Mr. Boccanfuso's pattern of assisting in dangerous robberies raised concerns about the safety of the community, and concluded that a custodial sentence was needed to deter him from further crimes, especially since supervised release had proven ineffective in rehabilitating him.  (Id. at 22-23.)  Taking all of these factors into account, the Court sentenced Mr. Boccanfuso to 18 months of imprisonment (below the Guidelines range of 33 to 41 months), to be served consecutively to the EDNY sentence, for the

supervised release violation.  (Id. at 24.)  Mr. Boccanfuso now moves for a reduction in this sentence.

The Court first addresses exhaustion, which is disputed here.  A defendant bears the burden of showing that he exhausted his administrative remedies prior to filing a companionate release motion with a court.  See Ebbers, 432 F. Supp. 3d at 426.  Mr. Boccanfuso has submitted a sworn declaration asserting that he exhausted his administrative remedies by presenting his compassionate release request to the warden of FCI Ray Brook on December 21, 2022 (approximately 3 months before the filing of this Motion) and that, as of March 2, 2023, he had not received a response from the warden.  (Exhibit D, ¶¶ 2-3.)  The Government asserts that Mr. Boccanfuso has not met his burden of showing exhaustion because the BOP does not have any record of Mr. Boccanfuso's request in its databases, and further asserts that Mr. Boccanfuso's Declaration is inadequate because it does not include a copy of his purported submission to the warden.  (Gov. Opp. at 5.)  Mr. Boccanfuso's reply submission, however, includes as an exhibit a copy of the compassionate release request that he made to his warden and unit team via email on December 21, 2022.  (Exhibit J.)  The Court finds that Mr. Boccanfuso has adequately demonstrated exhaustion of his administrative remedies—he has proffered a sworn declaration asserting that he presented his request to the warden more than 30 days prior to filing this Motion, and has also submitted (albeit in a reply brief) a copy of the request to the warden.  Moreover, the Government has not provided any declaration from any individual with personal knowledge of BOP records or databases to support its assertion that the BOP has no record of Mr. Boccanfuso's request.

On the merits, Mr. Boccanfuso asserts that the primary factor supporting a reduction in his sentence is a change in family circumstances regarding the care and custody of

his daughter, who was recently removed from her mother's custody for reasons of neglect. He also argues that a reduction is justified in light of the harsh conditions of confinement at FCI Ray Brook; the significant portion of his sentence which he has already served; and his concrete reentry plan to move in with his daughter and family in California. The Government opposes any reduction in sentence, focusing on the seriousness of Mr. Boccanfuso's robbery offenses and his breach of the Court's trust. The Government also asserts that Mr. Boccanfuso does not suffer from any conditions which would put him at a higher risk due to COVID-19 infection in prison, and that that his family circumstances are neither unusual nor compelling.

The Court concludes that Mr. Boccanfuso has presented compelling circumstances warranting a partial reduction in sentence. In 2020, Mr. Boccanfuso's 11-year-old daughter H.B. was removed from her mother's custody due to neglect. (Mtn. at 5-6; Exhibit D ¶¶ 6-11.) H.B.'s time spent in her mother's care "was marked by instability, trauma, and neglect." (Id.) Following removal from her mother's custody, H.B. was initially placed into the state foster care system in Oklahoma, but in September 2021 H.B. went to live with her grandparents (Mr. Boccanfuso's mother and stepfather) at their home in California. (Id.) Mr. Boccanfuso has submitted a letter from his mother stating that, while the grandparents have been able to provide a safe and loving environment for H.B., they are struggling to care for her adequately due to their age and health conditions, and caring for H.B. has been "exhausting" for them. (Id.; Exhibit E at 1.) The grandparents are also at higher risk for COIVD-19 infection and complications given their physical condition and medical histories. (Exhibit C at 2.)

Another letter submitted by a family member notes that H.B. "has had a difficult 11 years and lost a great deal of her childhood," and that having Mr. Boccanfuso back in the family will be important to H.B.'s recovery. (Exhibit F at 1.) H.B.'s therapist likewise believes

that it would be "a positive impact for her to have her father be an integral part of her life again" after all of the trauma that she has endured. (Exhibit E at 1-2.) Mr. Boccanfuso has kept in regular contact with H.B. during his time in prison, via email, phone calls, and letters, and provided assistance in helping to facilitate her transition to her grandparents' custody after she was removed from her mother's custody. (Exhibit D ¶¶ 7-11.)

Mr. Boccanfuso's caretaking obligations towards his daughter, coupled with her grandparents' difficulties in providing proper care due to their age and health conditions, and the unique support that Mr. Boccanfuso can provide as H.B.'s father, constitute an extraordinary circumstance supporting a reduction in Mr. Boccanfuso's sentence. See, e.g., United States v. Qadar, No. 00-CR-603-ARR, 2021 WL 3087956, at *9 (E.D.N.Y. July 22, 2021) (granting compassionate release where defendant's wife suffered from osteoarthritis and needed significant care, and the defendant's daughter had taken over "the burden of caring for her mother," but providing this care had become an "enormous strain" for the daughter and if released the defendant could "care for [his wife] in a way that none of his other family members could"); United States v. Cruz, No. 3:94-CR-112-JCH, 2021 WL 1326851, at *10 (D. Conn. Apr. 9, 2021) (granting compassionate release where defendant's mother needed significant care due to lung disease, and, while the defendant "would not be the only available caregiver," the court was "persuaded that [defendant] could assist his mother in a way that no other person currently can").

A reduction in sentence is also supported by the length of Mr. Boccanfuso's combined prison terms, his good conduct while in custody, and by the unusually harsh conditions of confinement he has experienced. Mr. Boccanfuso has served over 80% of his combined 88-month sentence, and is projected to be released from custody in approximately 11 months. See United States v. Pena, 459 F. Supp. 3d 544, 551 (S.D.N.Y. 2020) (granting compassionate

release where the defendant had "now served more than two-thirds of his sentence" as "the time he has served in prison has already achieved much of the original sentence's retributive, deterrence, and incapacitative purposes"). During his time in prison, he has had only one minor disciplinary infraction, has worked as a unit orderly, has paid off his criminal financial obligations, has refrained from engaging in any gambling, and has participated in several educational offerings in an effort to better himself. See United States v. Fisher, 493 F. Supp. 3d 231, 238 (S.D.N.Y. 2020) (noting that the defendant's "clean disciplinary record" and "the education he obtained in prison" showed "considerable and sustained efforts to rehabilitate himself" and weighed in favor of compassionate release). His time spent in custody has also been harsher than usual due to the conditions imposed by the pandemic—he reports that his facility is understaffed, that he has spent approximately half his time in custody under lockdown, and that he has lacked regular access to dental care. (Exhibit D.) See United States v. Rodriguez, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020) (noting that pandemic conditions such as health risks, lockdowns, and restrictions on services have made "incarceration harsher and more punitive than would otherwise have been the case," thus weighing "in favor of a finding of extraordinary and compelling reasons").

        Mr. Boccanfuso has also presented a concrete and detailed reentry plan that will facilitate his transition back into the community. See United States v. Salvagno, 456 F. Supp. 3d 420, 461 (N.D.N.Y. 2020) (granting compassionate release where defendant "presented a re-entry plan that was especially promising, as it provided concrete assurances that he would make a transformation to a law-abiding life"). Upon his release from custody, Mr. Boccanfuso will begin his term of supervised release by moving into his parents' home in California, where his daughter already resides. He has arranged to have his supervision transferred to the appropriate

district in California, where the Probation Office has approved his relocation and conducted a successful inspection of his parents' home. (Exhibit C, Exhibit D.) He intends to seek employment immediately upon his release and to seek formal treatment for his gambling addiction, with the help of the support system provided by his family. The Court also notes that, upon termination of the special additional term of supervised release the Court will impose in conjunction with the reduction of the custodial sentence, Mr. Boccanfuso will be serving the 3-year term of supervised release imposed by the EDNY, which will aid in further ensuring that he makes a smooth transition to life in the community and refrains from recidivating. His responsibilities for his daughter and parents will provide him with a tangible incentive to not recidivate and to continue on his path of positive behavior.

The Court finds that these responsibilities, in the context of the lengthy period that he has spent in custody under harsh conditions and his proactive attention to self-rehabilitation, constitute compelling circumstances warranting a partial reduction in sentence. The Court accordingly concludes that a shortened custodial sentence, followed by a special additional term of supervised release that includes a home detention condition, will best balance these competing considerations by ensuring Mr. Boccanfuso has access to necessary support and resources as he transitions back into the community, while promoting the protection of the public and respect for the law. The Court hereby orders that Mr. Boccanfuso's custodial sentence shall terminate on July 10, 2023, at which point he shall begin an additional 6-month term of supervised release.

## CONCLUSION

For the reasons set forth above, Mr. Boccanfuso's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is granted to the extent that the Court

partially reduces the custodial portion of his sentence, which shall now terminate on July 10, 2023.  Additionally, the Court imposes upon Mr. Boccanfuso a 6-month term of supervised release which shall be served prior to the 3-year term of supervised release imposed by the EDNY in November 2018, and which shall be subject to all mandatory, standard, and special conditions of supervision that were imposed by the EDNY.  (See United States v. Boccanfusco, 18-CR-104-PKC-2 (E.D.N.Y. November 16, 2018), docket entry no. 35.)  In addition to those conditions, Mr. Boccanfuso shall be subject to a special condition of home detention during the special additional 6-month period of supervised release. While on home detention, he shall be restricted to his residence at all times except for employment, treatment programming approved by the Probation Office, childcare, medical appointments for himself or family members, religious services, and other activities preapproved by the Probation Office.  At the direction of the Probation Office, Mr. Boccanfuso must wear an electronic monitoring device and follow the electronic monitoring procedures specified by the Probation Office.  Mr. Boccanfuso must pay the costs of home detention on a self-payment or co-payment basis as determined by the Probation Office.

A form Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered.  Docket entry no. 203 is resolved.

SO ORDERED.

Dated: New York, New York
      May 31, 2023

   /s/ Laura Taylor Swain
   LAURA TAYLOR SWAIN
   Chief United States District Judge